IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAW SOLUTIONS CHICAGO, LLC; UPRIGHT LAW, LLC; MARIELLEN MORRISON; GRADY EARL CARDEN; and CODY WAYNE FOOTE, | ) ) ) ) ) ) | |
| Defendants–Appellants, | ) ) | |
| v. | ) ) | CASE NO. 2:18-CV-763-WKW [WO] |
| TERESA R. JACOBS, United States Bankruptcy Administrator for the Middle District of Alabama, | ) ) ) ) ) | |
| Plaintiff–Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Bankruptcy Administrator for this district accused Defendants of attorney misconduct. Defendants moved to dismiss the Administrator's complaint for failure to state a claim. But the Bankruptcy Court denied Defendants' motion, invoked its inherent authority, and ordered the Administrator to investigate Defendants. After the Administrator finishes her investigation, Defendants may refile their motion to dismiss. Yet Defendants seek leave to file an interlocutory appeal from the denial of their motion to dismiss. For the reasons below, leave to appeal is due to be denied.

**I. JURISDICTION AND VENUE**

The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157(b) and 1334.

Defendants seek leave to appeal under 28 U.S.C. § 158(a)(3). Venue is proper. The parties do not dispute personal jurisdiction.

## II.  BACKGROUND

Law Solutions Chicago LLC, which does business as Upright Law, markets itself as a nationwide law firm. Consumer bankruptcy is its bread and butter. When a debtor calls Upright Law, an agent (not always an attorney) collects the debtor's financial information. After the debtor pays a flat fee, Upright Law assigns a local "partner" attorney to the debtor's case.[1] The debtor then interacts with both the local attorney and Upright Law's Chicago office.

But according to Teresa Jacobs, the Bankruptcy Administrator for the Middle District of Alabama, Upright Law and its local attorneys are not always upright. The Administrator claims that they charge excessive fees, unreasonably limit the scope of representation, facilitate the unauthorized practice of law, misrepresent how they apportion fees, and fail to exercise reasonable care when preparing court filings. (Bankr. Doc. # 1.)[2]

The Administrator first voiced her concerns in May 2017. That is when she

---

[1] Defendants Mariellen Morrison, Grady Carden, and Cody Foote are Alabama attorneys. They are current and former "partner" attorneys of Upright Law. The court expresses no opinion about whether local attorneys have a true partnership with Upright Law or whether Upright Law is merely a legal referral service.

[2] Citations to "Bankr. Doc. #" refer to docket entries in *Jacobs v. Law Solutions Chicago, LLC*, No. 18-ap-3046 (Bankr. M.D. Ala. filed June 7, 2018). Citations to "Dist. Doc. #" refer to docket entries in this appeal.

moved to examine the transactions between Mariellen Morrison, a local Upright Law attorney, and her clients.[3]  Then in early 2018, the Administrator moved to examine the transactions between specific debtors and other Upright Law attorneys.[4]  Finally, in June 2018, the Administrator moved to consolidate these proceedings into one action against Upright Law and three Alabama attorneys (collectively, Defendants). (Bankr. Doc. # 1.)

Defendants moved to dismiss the June 2018 complaint for failure to state a claim.  (Bankr. Doc. # 9.)  They argued the complaint duplicated the earlier motions against Upright Law and local attorneys, that it was a "shotgun complaint," and that the allegations were both conclusory and implausible.  (Bankr. Doc. # 10.)

But the Bankruptcy Court provisionally denied the motion to dismiss.  It did not address whether the Administrator's complaint was duplicative, whether it was a shotgun pleading, or whether the allegations stated a plausible claim.  Instead, the court invoked its "supervisory powers" and "inherent authority to supervise lawyers who practice before it."  (Bankr. Doc. # 14, at 3.)  In its view, it was irrelevant that the Administrator filed a complaint; what mattered was that someone had accused

---

[3] *In re Morrison*, No. 17-mp-303, Doc. # 1 (Bankr. M.D. Ala. May 1, 2017).

[4] *In re Cain*, No. 17-bk-32361, Doc. # 33 (Bankr. M.D. Ala. Jan. 31, 2018); *In re Cobb*, No. 17-bk-32876, Doc. # 33 (Bankr. M.D. Ala. Jan. 31, 2018); *In re Jackson*, No. 17-bk-32767, Doc. # 20 (Bankr. M.D. Ala. Feb. 2, 2018); *In re Clark*, No. 17-bk-32873, Doc. # 19 (Bankr. M.D. Ala. Feb. 2, 2019); *In re Little*, No. 18-bk-80001, Doc. # 34 (Bankr. M.D. Ala. Apr. 25, 2018).

attorneys of misconduct. (Bankr. Doc. # 14, at 5, 10.) So the Bankruptcy Court consolidated the proceedings against Defendants and ordered the Administrator to investigate the transactions between debtors and Upright Law and the agreements between Upright Law and the local lawyers. (Bankr. Doc. # 15, at 1.)

In support of its decision, the Bankruptcy Court noted that in 2018, other jurisdictions sanctioned Upright Law. The Northern District of Alabama sanctioned Upright Law $150,000, suspended it from practicing law in the district for eighteen months, and ordered it to disgorge attorney's fees. *In re White*, No. 17-bk-40093, 2018 WL 1902491, at *9–10 (Bankr. N.D. Ala. Apr. 18, 2018). The Western District of Virginia sanctioned Upright Law $250,000 and revoked its privilege to practice law in the district for five years. In re Williams, No. 16-ap-7024, 2018 WL 832894, at *30 (Bankr. W.D. Va. Feb. 12, 2018). And the Western District of Louisiana sanctioned Upright Law $5,000, ordered it to disgorge attorney's fees, and imposed a ninety-day ban on practicing law in the district. *In re Banks*, No. 17-bk-10456, 2018 WL 735351, at *21 (Bankr. W.D. La. Feb. 6, 2018), *aff'd sub nom.*, *Law Solutions Chi. LLC v. U.S. Trustee*, 592 B.R. 624 (W.D. La. 2018). That is just a partial list. In the Eastern District of Tennessee, for example, Upright Law agreed to pay $320,000 to trustees; to disgorge attorney's fees; and not to practice in the district for four years. *In re Wright*, No. 16-bk-30917, Docs. # 419, 420 (Bankr. E.D. Tenn. Aug. 23, 2018); *In re Elrod*, No. 16-bk-12562, Doc. # 217 (Bankr. E.D.

4

Tenn. Aug. 23, 2018).[5]

The Bankruptcy Court refused to stay the Administrator's investigation pending this appeal. (Bankr. Docs. # 41, 44.) The Administrator must complete her investigation by February 28, 2019, and file a report by April 1, 2019. (Bankr. Docs. # 15, 46.) Defendants may move to dismiss when they respond to the investigation. (Dist. Doc. # 7-1, at 30.)

Defendants filed a notice of interlocutory appeal to this court. (Dist. Doc. # 1-1.) They identify three issues on appeal. The first issue is whether a court can order an investigation "without first addressing whether the allegations giving rise to that investigation meet the minimum pleading standards." The second is whether a court "may rely on other cases not before it for purposes of declining to evaluate the pleading sufficiency of an adversary complaint." The third is whether a court may consolidate proceedings into one matter "as a mechanism to not apply minimum

---

[5] Courts imposed discipline in several other cases. *See In re Richard*, No. 16-bk-42080, 2018 WL 5733508, at *8 (Bankr. E.D. Mo. Oct. 10, 2018) (ordering Upright Law to disgorge attorney's fees); *In re Klitsch*, 587 B.R. 287, 296 (Bankr. M.D. Pa. 2018) (ordering Upright Law to write a memo); *In re Scharf*, No. 17-bk-1442, 2018 WL 3863796, at *3 (Bankr. S.D. Iowa Mar. 8, 2018) (ordering Upright Law to disgorge attorney's fees); *cf. In re Vandesande*, No. 16-bk-33708, 2017 WL 474320, at *1 (Bankr. N.D. Ohio Feb. 3, 2017) (finding affiliate of Upright Law's hourly rate was unreasonable). Upright Law escaped elsewhere discipline. *See In re Foster*, 586 B.R. 62, 87 (Bankr. W.D. Wash. 2018) (finding Upright Law's violations were not intentional); *In re Bishop*, 578 B.R. 158, 161 (Bankr. W.D.N.Y. 2017) (holding once a court sanctioned Upright Law, it could not sanction it again for the same acts); *In re Todarello*, No. 16-bk-60064, 2016 WL 4508188, at *3 (Bankr. N.D. Ohio Aug. 26, 2016) (declining to investigate whether Upright Law's local attorneys were true "partners"); *cf. Fitzpatrick v. Law Solutions Chi., LLC*, 584 B.R. 203, 229 (E.D. Tenn. 2018) (dismissing a complaint against Upright Law for failure to state a claim).

pleading standards to an adversary complaint." (Dist. Doc. # 1-2, at 2–3.) The Administrator opposes Defendants' motion for leave to appeal. (Dist. Doc. # 2.)

### III. LEGAL STANDARD

District courts have limited jurisdiction over appeals from bankruptcy judges:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C. § 158(a). Defendants do not challenge a final judgment, order, or decree. *See Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1350 (11th Cir. 1997) (noting "the denial of a motion to dismiss is not a final order"). Nor do they challenge an order under 11 U.S.C. § 1121. As a result, they may appeal only "with leave of the court" under 28 U.S.C. § 158(a)(3).

Section 158(a)(3) "does not indicate the standard a district court should use in determining whether to grant leave to appeal." *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). But 28 U.S.C. § 1292(b) governs interlocutory appeals to the court of appeals, and every district court in the Eleventh Circuit uses § 1292(b) to decide

whether to grant leave to appeal under § 158(a)(3).[6]

The court applies the § 1292(b) standard here. As a result, Defendants must satisfy four conditions before the court will grant leave to appeal. First, the issue on appeal must be a pure question of law. Second, the issue must control a substantial part of the case. Third, there must be substantial grounds for a difference of opinion. And fourth, it must be at least possible that resolving the issue will reduce the amount of litigation necessary on remand. *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). These conditions are hard to meet. *See OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008). And even if all conditions are met, the court still has the discretion to turn down an interlocutory appeal. *See Nice v. L-3 Commc'ns Vertex Aerospace LLC*, 885 F.3d 1308, 1313 n.8 (11th Cir. 2018).

## IV. DISCUSSION

Defendants' motion for leave to appeal is due to be denied. Even if the issues presented are pure questions of law (they are not), they do not control a substantial portion of the case. Nor would resolving them substantially reduce the amount of

---

[6] *See In re United Plastic Recycling, Inc.*, No. 17-cv-700, 2017 WL 5075251, at *2 (M.D. Ala. Nov. 3, 2017); *McCallan v. Hamm*, 502 B.R. 245, 247–48 (M.D. Ala. 2013); *Gebhardt v. Hardigan*, 512 B.R. 385, 388 (S.D. Ga. 2014); *B & H Mgmt. v. Dixon*, No. 13-cv-141, 2014 WL 29449, at *1 (M.D. Ga. Jan. 3, 2014); *In re Prestwood*, No. 11-cv-154, 2011 WL 1771051, at *1 (N.D. Fla. May 10, 2011); *Smith v. Laddin*, 424 B.R. 529, 534 (N.D. Ala. 2010); *In re Tate*, No. 09-mc-39, 2010 WL 923630, at *3 (S.D. Ala. Mar. 9, 2010); *In re Seminole Walls & Ceilings Corp.*, 388 B.R. 386, 390–91 (M.D. Fla. 2008); *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 823–24 & n.5 (S.D. Fla. 2007); *In re Allied Holdings, Inc.*, 376 B.R. 351, 357–58 (N.D. Ga. 2007).

litigation below.

An interlocutory appeal is no place to decide whether the Administrator stated a plausible claim. That is because determining whether specific allegations state a plausible claim is not a pure question of law; it is the application of law to facts. *Mamani*, 825 F.3d at 1313. Defendants are thus resigned to arguing simply that the Bankruptcy Court should have applied the motion to dismiss standard — not that the Administrator's complaint should be dismissed under that standard. That distinction matters. It means that even if Defendants prevailed on appeal, the Bankruptcy Court would only have to decide whether the Administrator stated a plausible claim. That is something the Bankruptcy Court will do anyway after the Administrator files her report. And when the Bankruptcy Court rules on a motion to dismiss, there is no guarantee it will grant the motion. It might find that the Administrator's claims are plausible. Thus, the issues Defendants raise on appeal are not controlling, and resolving them now would not reduce the amount of litigation necessary on remand. *Barbella v. Pergament*, No. 16-mc-1221, 2018 WL 317778, at *3–4 (E.D.N.Y. Jan. 8, 2018).

Of course, motions to dismiss are designed to prevent unwarranted discovery. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). That, however, is not reason enough for an interlocutory appeal. A motion to dismiss may be filed in any action, and every defendant who files one wants to avoid discovery.

Yet the denial of a motion to dismiss is rarely grounds for an immediate appeal.

Even if Defendants meet every condition for bringing an interlocutory appeal, the court still has discretion to deny an appeal. *Nice*, 885 F.3d at 1313 n.8. It exercises that discretion here. Interlocutory appeals "are inherently disruptive, time-consuming, and expensive," so they "are generally disfavored." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) (cleaned up). A court may deny leave to file one "for any reason, including docket congestion." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The court has a crowded docket, so it denies leave to appeal. Moreover, the Administrator will soon file a report on her investigation, so Defendants may soon file another motion to dismiss in Bankruptcy Court. Wading into this case at this stage could easily become futile.

## V. CONCLUSION

For these reasons, it is ORDERED that:

1. Defendants' Motion for Leave to Appeal (Doc. # 1-2) is DENIED; and

2. The Clerk of the Court is DIRECTED to close this case.

DONE this 25th day of February, 2019.

                                                             /s/ W. Keith Watkins
                                             UNITED STATES DISTRICT JUDGE